**Gail Seise BOYD, Plaintiff–Counter–Defendant–Appellee,**

v.

**James P. THALMANN, Defendant-Counter-Claimant-Cross-Claimant-Appellant,**

William Bowen, individually and in his official capacity as Commander, Albany Police Department, Defendant–Appellant,

City of Albany, Defendant–Cross–Defendant–Appellant.

Docket Nos. 01–7382 (L), 01–7666(CON).

United States Court of Appeals, Second Circuit.

May 22, 2002.

Mark S. Mishler, Walter, Thayer & Mishler, P.C., Albany, NY, for Plaintiff–Counter–Defendant–Appellee.

Mark W. Blanchfield, Bouck, Holloway, Kiernan & Casey, Albany, NY, for Defendant–Counter–Claimant–Cross–Claimant–Appellant.

John W. Liguori, Brennan, Rehfuss & Liguori, Albany, NY, for Defendant–Appellant and Defendant–Cross–Defendant–Appellant.

Present CALABRESI, CABRANES, Circuit Judges, and AMON,* District Judge.

### SUMMARY ORDER

Appeal from the United States District Court for the Northern District of New York (Mordue, J.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff–Appellee Gail Seise Boyd filed a complaint in the United States District Court for the Northern District of New York alleging that defendants William Bowen, James Thalmann and the City of Albany discriminated against her on the basis of sex, pregnancy and/or national origin in denying her a position with the Albany Police Department, thereby violating Title VII and the Equal Protection Clause of the Fourteenth Amendment. The defendants moved for summary judgment on the Title VII and equal protection claims, and on the issue of qualified immunity for Bowen and Thalmann. The district court, in a Memorandum Decision and Order dated March 13, 2001, denied the

---

* The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

motions, holding that the evidence was sufficient for a jury to find that the defendants intentionally discriminated against Boyd on the basis of her pregnancy, and that, because a reasonable jury could conclude that it was not objectively reasonable for Bowen and Thalmann to believe that such conduct did not violate clearly established rights, it could not be said as a matter of law that defendants Bowen and Thalmann were entitled to qualified immunity.

Defendants Thalmann and Bowen appealed the qualified immunity decision immediately, pursuant to *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), which permits the interlocutory appeal of certain denials at summary judgment of qualified immunity. The City of Albany also appealed, requesting that this Court exercise pendent jurisdiction over the denial of its motion for summary judgment on the merits of the Title VII claim. Defendant Thalmann similarly requests that we exercise pendent jurisdiction to review the denial of summary judgment on the question of whether, if Thalmann is treated as a private actor,[1] he can be held liable for the alleged equal protection violation because there is no proof that he "jointly engaged with state officials in the challenged action." *Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir.1998) (internal quotation marks omitted).

In general, a district court's denial of a motion for summary judgment is an interlocutory order, and therefore not immediately appealable. *Tellier v. Fields,* 280 F.3d 69, 78 (2d Cir.2000). There is an exception to this rule, however, when a defendant's motion for summary judgment asserts a defense of qualified immunity, and the "district court's denial of a claim of qualified immunity ... turns on an issue of law." *Mitchell,* 472 U.S. at 530, 105 S.Ct. 2806; *see also Locurto v. Safir,* 264 F.3d 154, 162 (2d Cir.2001); *Tellier,* 280 F.3d at 78. There is no appeal, however, if "a defendant contends that the district court committed an error of law in ruling that the plaintiff's evidence was sufficient to create a jury issue on the facts relevant to the defendant's immunity defense." *Tellier,* 280 F.3d at 78 (quoting *Salim v. Proulx,* 93 F.3d 86, 91 (2d Cir.1996); *see also Locurto,* 264 F.3d at 175 (dismissing appeal because it would entail review of the district court's conclusion that there was sufficient evidence to permit a jury to find that the conduct alleged by the plaintiff had occurred); *Tolbert v. Queens College,* 164 F.3d 132, 139 (2d Cir.1999)(same).

The defendants in this case argue, primarily, that a reasonable jury could not find, based on the facts in this case, that Boyd was removed from consideration for the position with the Albany Police Department because of her pregnancy. We decline to review this argument due to lack of jurisdiction, based on the caselaw surveyed above. To the extent that the defendants also argue that they are entitled to qualified immunity even if all disputed issues of fact are resolved in Boyd's favor, we affirm the district court's holding that qualified immunity is not available to officials who intentionally discriminate against job applicants on the basis of pregnancy. *Cf. Tellier,* 280 F.3d at 78 ("[T]he defendant's assertion that he or she is entitled to qualified immunity on the basis of stipulated facts, or on the facts as stated by the plaintiff, presents a purely legal question that we have jurisdiction to review.").

---

1. The district court did not determine whether Thalmann was a private or state actor. It treated the question in the alternative.

In view of the above disposition, there is no ground for the exercise of pendent jurisdiction as requested by the City of Albany and Thalmann. We have considered all of appellants' other arguments and find them to be meritless. Accordingly, we AFFIRM the judgment of the district court.